UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HARRY B. PASCAL and NANCY R. PASCAL,
individually and on behalf of a class

               Plaintiffs,

      -against-

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

               Defendant.
------------------------------------------------------------------------x

**CLASS ACTION**
**COMPLAINT**

JUDGE SEIBEL

'09 CIV 10082

      Plaintiffs, by and through their undersigned attorney, allege upon knowledge to

themselves and their own acts, and as to all other matters upon information and belief,

bring this complaint against the above-named defendant and in support thereof alleges the

following.

### PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action on their own behalf and on behalf of all others

similarly situated for damages and declaratory and injunctive relief arising from

Defendant's violation of § 1692 of Title 15 of the United States Code, the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from

engaging in abusive deceptive and unfair practices.

### JURISDICTION AND VENUE

      2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

This is an action for violation of 15 U.S.C. § 1692.

      3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff Harry B. Pascal is a resident of the State of New York, Rockland County.  On or about January 2, 2009, plaintiff Harry Pascal received a debt collection notice from the defendant at plaintiff's home address.  **Exhibit A**.

5.      Plaintiff Nancy R. Pascal is a resident of the State of New York, Rockland County.  On or about January 2, 2009, plaintiff Nancy Pascal received a debt collection notice from the defendant at plaintiff's home address.  **Exhibit A**.

6.   Defendant JPMorgan Chase Bank, National Association is a debt collector, as defined, and as stipulated in its January 2, 2009 letter, attached as **Exhibit A,** which states, "[B]ecause your loan was in default on September 25, 2009,    and the servicing of your loan was transferred to a new servicer, we are required by the federal Fair Debt Collection Practices Act to send you the enclosed "Debt Validation Notice."  JPMorgan Chase Bank, National Association is engaged in the business of collecting debt with a place of business located at 1111 Polaris Parkway, Columbus, Ohio 43240.

## CLASS ACTION ALLEGATIONS

7.      Plaintiffs bring this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of themselves and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the defendant which are in violation of the FDCPA, as described in paragraphs numbered 16 through 19 of this complaint, as of the date of plaintiff's complaint.  Excluded from the Class is the defendant herein and any person, firm, trust, corporation or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates

or partners of JPMorgan Chase Bank, National Association.

8.      This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

9.      The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various specific provisions of the FDCPA.

10.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a.      Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g(a)(2).

b.      Whether plaintiff and the Class have been injured by the defendant's conduct;

c.      Whether plaintiff and the class have sustained damages and are entitled to restitution as a result of the defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.      Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

3

11.     Plaintiffs claims are typical of the claims of the Class, and the plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class.

12.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

13.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

14.     A class action will permit large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a class action Class members will continue to suffer losses of statutorily protected rights as well as monetary damages.  If defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

15.     Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16.        On or about January 2, 2009, defendant sent a collection letter to

Harry B. Pascal and Nancy R. Pascal demanding payment of a debt.  A copy of

said collection letter is annexed hereto as **Exhibit A.**

17.        The collection letter stated that the creditor to whom this debt is

owed is: Wmmsc M/s.

18.        Defendant in may instances violated the requirements of the

FDCPA, in the following and other respects by falsely claiming that

"Wmmsc M/s" is the name of the creditor in violation of 15 U.S.C. § 1692g(a)(2).

## CLASS ALLEGATIONS

19.        This action is brought on behalf of a class.  The class includes

all consumers who were sent a written notice falsely claiming that the name of the

creditor to whom the debt is owed is "Wmmsc M/s."

20.        The class period begins one year prior to the filing of this action.

21.        The class is so numerous that joinder of all members is impractical.  Upon

information and belief, there are several hundred class members.  Plaintiffs are

complaining of standard form letters.

22.        There are questions of law common to the class, which questions

predominate over any questions affecting only individual class members.   The principle

questions presented are whether defendant violated 15 U.S.C. § 1692g(a)(2).


23.        Plaintiffs will fairly and adequately protect the interests of the class.

Plaintiffs have retained counsel experienced in handling class claims and claims

involving unlawful collection practices.  Neither plaintiffs nor counsel have any interests which might cause him not to vigorously pursue this claim.

24.     Plaintiffs claims are typical of he class, which all arise from the same operative facts and are based on the same legal theories.

25.     A class action is a superior method for the fair and efficient adjudication of the controversy.

**WHEREFORE**, plaintiffs respectfully request that the Court enter judgment as follows:

(a)     Declaring that this action is properly maintainable as a class action and certifying plaintiffs as Class representative.

(b)     Issue a preliminary and permanent injunction restraining defendant, its employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issue a declaratory Order requiring defendant to make corrective disclosures;

(d)     Awarding plaintiffs and the class statutory damages;

(e)     Awarding plaintiffs costs of this action, including reasonable attorneys' fees and expenses; and

(f)     Awarding plaintiffs and the class such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the FRCP, plaintiffs hereby demand a trial by jury.

Dated: December 4, 2009
      Uniondale, New York

                                    Abraham Kleinman (AK-6300)
                                      KLEINMAN LLC
                                      626 RXR Plaza
                                      Uniondale, New York 11556-0626
                                      Telephone (516) 522-2621
                                      Facsimile  (888) 522-1692

EXHIBIT A

**WaMu**

Harry B Pascal
Nancy R Pascal
65 Remsen Ave
Monsey NY 10952

RE: Washington Mutual Loan No.: 0607155816

**DEBT VALIDATION NOTICE**

As of 01-02-09, your total outstanding debt for this loan is stated on the back of this Notice.  Because of interest, late charges and other charges that may vary from day to day or that may change after the date of this notice, the amount due on the day you pay may be greater.  Therefore, you may not rely on the amount shown on the back of this Notice to be sufficient to payoff your loan after the date of this Notice.  You should contact the servicer at the address or telephone number below to verify the exact amount necessary to payoff your loan on the day you will deliver payment.  Failure to do so may result in rejection of your payment.  For your information:

* The creditor to whom this debt is owed is:
  Wamsc N/s
* Unless within (30) days after receiving this communication you notify us that the debt, or any portion or it, is disputed, the debt will be assumed by us to be valid.
* If within thirty (30) days after receiving this communication you notify us, in writing, that the debt, or any portion of it, is disputed, we will mail a verification of such debt to you.
* If within thirty (30) days after receiving this communication you make a request, in writing, you will be provided with the name and address of the original creditor, if other than the present creditor shown above.

The purpose of this communication is to collect the indebtedness due, or, in the alternative, to repossess the property that is the security of such debt.

THE INFORMATION ABOVE IS PROVIDED IN COMPLIANCE WITH THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT.

For questions or inquiries, please contact us at:
JPMorgan Chase Bank, National Association,
doing business as Washington Mutual
Customer Interaction Center
P.O.Box 44118
Jacksonville, FL 32231-4016
1-866-926-8937
1-904-886-5529

LO-XP831-886-937

 **WaMu**

01-02-09


Harry B Pascal
Nancy R Pascal
65 Remsen Ave
Monsey              NY 10952

Re: Washington Mutual Loan No.: 0687185816

WE ARE A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT, AND
AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Dear Harry B Pascal          :
     Nancy R Pascal :

As you may know, on September 25, 2008, Washington Mutual Bank, the
servicer of your loan, was closed by the Office of Thrift Supervision
and the Federal Deposit Insurance Corporation was named Receiver.
Upon closure, JPMorgan Chase Bank, National Association
("JPMorgan Chase") acquired certain assets of Washington Mutual Bank
from the FDIC, including the right to service your loan.  Although
JPMorgan chase is now the servicer of your loan, your loan will be
serviced by JPMorgan Chase under the name of "Washington Mutual" for
now.

Because your loan was in default on September 25, 2008, and the
servicing of your loan was transferred to a new servicer, we are re-
quired by the federal Fair Debt Collection Practices Act to send
you the enclosed "Debt Validation Notice".  Please review it care-
fully, and if you have any questions regarding the debt indentified
in the Notice, please contact our Customer Interaction Center toll
free at 1-866-926-8937.

* We may be able to help you bring your loan current and avoid
  foreclosure even if you can't pay your outstanding balance in full
  now.

* You should call us right away at 1-866-926-8937 to learn how we may
  may be able to assist you.  This toll-free line is open from 5:00
  a.m. to 6:00 p.m. Pacific time, Monday through Friday.

Additional help.  You also may be eligible for home ownership
counseling through the U.S. Department of Housing and Urban
Development (HUD) network of nonprofit counseling organizations by
calling 1-800-569-4287.

Sincerely,


JPMorgan Chase Bank, National Association,
doing business as Washington Mutual

LO-XPS32-004-837

WaMu

XP831

Re: Loan No.: 0607185816

As of 01-02-09, the total amount of the outstanding debt is the following:

| | | |
|---|---|---|
| Current Total Unpaid Principal Balance | $ | 376,440.91 |
| Interest to 12-19-08 | $ | 28,609.08 |
| Escrow/Impound Overdraft | $ | 30,697.40 |
| Buydown Subsidy/replacement Reserve Balance | $ | .00 |
| Suspense Balance | $ | -1,828.26 |
| Recoverable Balance | $ | 2,175.00 |
| HUD Subsidy Balance | $ | .00 |
| Restricted Escrow/Loss Draft Balance | $ | .00 |
| Pro Rata MIP | $ | .00 |
| Pro Rata PMI | $ | .00 |
| Pro Rata Credit Life | $ | .00 |
| Late Charges | $ | 147.78 |
| | | |
| Total Outstanding Debt | $ | 436,241.91 |

LO-XP831-006-237