# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

**1300 MOUNT KEMBLE AVENUE**
**P.O. BOX 2075**
**MORRISTOWN, NEW JERSEY 07962-2075**
**(973) 993-8100**
**FACSIMILE (973) 425-0161**

LEWIS H. GOLDFARB
Direct dial: (973) 425-8689
lgoldfarb@mdmc-law.com



May 21, 2010

**VIA FACSIMILE (914) 390-4278**

Hon. Cathy Seibel, U.S.D.J.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      Re:   *Pascal v. JPMorgan Chase Bank, National Association*
            Civil Action No.:   09-10082 (CS)

Dear Judge Seibel:

      This firm represents Defendant, JPMorgan Chase Bank, National Association ("Chase") in the matter referenced above. Pursuant to Article 1(C) and 2(A) of Your Honor's Individual Practices, we respectfully submit this correspondence via facsimile under Local Civil Rule 37.2 to request an informal conference and this Court's assistance, before filing a formal motion, to resolve a difficulty with obtaining discovery responses from Plaintiffs, Harry B. Pascal and Nancy R. Pascal. We also submit this correspondence in response to the letter submitted earlier today by Daniel A. Edelman, Esq., a Chicago lawyer who was granted *pro hac vice* admission to represent the Pascals in this case on April 6, 2010.

      On April 9, 2010, Chase served Abraham Kleinman, Esq., described by Mr. Edelman as the Pascals' "local counsel,"[1] with a total of six interrogatories in accordance with Local Civil Rule 33.3(a)[2] and document demands, responses to which were due on May 13, 2010 (because April 9, 2010, was a Friday and the time within which to respond did not begin to run until the next Monday). At the time we served Mr. Kleinman with the discovery, we were unaware of the entries of appearance by Mr. Edelman two days earlier. In any event, counsel for the Pascals was in receipt of the discovery and, as of the date of this correspondence, Chase has not yet received discovery responses.

---

[1] Mr. Edelman's use of the term "local counsel" to describe Mr. Kleinman is obviously a misnomer as Mr. Kleinman has been the Pascals' only counsel since the putative class action was filed in December, 2009.
[2] In its introductory paragraph of its interrogatories pursuant to Local Civil Rule 33.3(a), JPMorgan Chase expressly reserved its rights under Local Civil Rule 33.3(c) to serve interrogatories seeking the claims and contentions of the Pascals.

NEW YORK       PENNSYLVANIA       NEW JERSEY       COLORADO

# McElroy, Deutsch & Mulvaney
## Attorneys At Law

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Facsimile (973) 425-0161

PLEASE REPLY TO MORRISTOWN

# FACSIMILE COVER SHEET

**DATE:** May 21, 2010

**To:** Hon. Cathy Seibel, U.S.D.J.
Abraham Kleinman, Esq.
Daniel A. Edelman, Esq.

**Fax No.** 914-390-4278
888-522-1692
312-419-0379

**FROM:** Lewis H. Goldfarb, Esq.

**RE:** **Pascal v. JPMorgan Chase Bank, National Association**
**Civil Action No: 09-10082 (CS)**

No. of Pages: Including Fax Cover Sheet 4

**MESSAGE:** _____

_____

*THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSON AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.* This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or any agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Cathy Seibel, U.S.D.J.
May 21, 2010
Page 2

   Pursuant to FED.R.CIV.P. 37(a)(1) and Local Civil Rule 37.3(a), counsel for Chase and the Pascals have communicated regarding the Pascals' outstanding discovery responses. On May 14, 2010, we served Messrs. Kleinman and Edelman with a letter stating that the Pascals' discovery responses were overdue, and requested that counsel for the Pascals immediately contact us for the purpose of meeting and conferring in attempt to resolve the outstanding discovery without judicial intervention. On May 18, 2010, Mr. Kleinman contacted this office and requested an additional thirty days within which to respond to JPMorgan Chase's document demands and six interrogatories. Mr. Kleinman gave no reason for failing to make a timely request nor did he provide any justification for an additional thirty days to answer a handful of interrogatories and document requests.

   On May 19, 2010, we contacted Mr. Kleinman, left a message that we rejected his request and asked him to contact us to discuss further. To date, we have not heard from either counsel for the Pascals. Before receiving Mr. Edelman's letter to the Court, we attempted to contact Mr. Kleinman again today. At no point has Mr. Edelman ever contacted us to request any extension given his representation that he, not Mr. Kleinman, will be responding to Chase's discovery.

   Mr. Edelman now represents that "[l]ocal counsel [Mr. Kleinman] believed that the Edelman firm had been served with the requests and were working on responses." That representation has no basis in fact because the discovery served on Mr. Kleinman, the Pascals' lead counsel, lists only his name and Mr. Kleinman made no reference to Mr. Edelman (other than indicating that they had received our May 14, 2010, Rule 34 letter) during his telephone request for the extension after the due date. Further, Mr. Edelman's representation that "[t]he Edelman firm was not aware of the requests until May 14, 2010, when defense counsel served plaintiffs' counsel with a Rule 34 discovery letter[]"requires the illogical premise that neither Messrs. Kleinman nor Edelman have communicated about this matter since April 9, 2010, when Chase served its discovery requests.

   Chase's rejection of the Pascals' request is based on a number of reasons. First, the discovery surely is not extensive; the interrogatories total six and seek the limited information set forth under Local Civil Rule 33.3(a).

   Second, Mr. Edelman's erroneous representation that our rejection of Mr. Kleinman's request for a thirty-day extension has "nothing to do with scheduling[]" is based on his unfamiliarity with the case, the fact that his "clients" are currently facing a foreclosure proceeding and that Chase is preparing to attend a court ordered settlement conference with the Pascals on May 27, 2010 to attempt to renegotiate the Pascals' mortgage and save them from foreclosure. Chase is the servicer of the Pascals' mortgage with authority to appear at the settlement conference in the foreclosure case to attempt to negotiate the Pascals' mortgage. Chase was and remains prepared to proceed in good faith to renegotiate the terms of the Pascals' mortgage consistent with their ability to repay the mortgage so that they can remain in their home.

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Cathy Seibel, U.S.D.J.
May 21, 2010
Page 3

      At the initial settlement conference, Mr. Pascal expressed a desire to renegotiate the delinquent mortgage and requested that Chase to provide him with the documents necessary to begin the process, which it did. Chase also requested that the Pascals provide it with their financial information such as their tax returns, financial statements and bank account statements in an effort to calculate their ability to repay the mortgage. Chase requested those same documents in their document demands here. The Pascals, however, have not yet provided that information. Mr. Kleinman's associate, Stephen Silverberg, is representing the Pascals in the foreclosure proceeding and has also been advised by the undersigned of the importance of furnishing the necessary documentation to allow for a recalculation of the mortgage payments at the conference.

      Finally, as an aside, lead counsel for the Pascals, Mr. Kleinman, previously refused to extend the courtesy of agreeing to an extension of time for Chase to respond to the Pascals' discovery for reasons having nothing to do with scheduling.[3]

      To avoid unnecessary motion practice and conserve party and judicial resources, we ask Your Honor's intervention in compelling the Pascals to immediately respond to the discovery. Chase reserves all of its rights and remedies under FED.R.CIV.P. 37, none of which have been waived or are intended to be waived in whole or in part by this submission.

      If Your Honor would like to further discuss this matter, then we shall make ourselves available at the Court's convenience.

Respectfully submitted,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

LEWIS H. GOLDFARB

cc:    Abraham Kleinman, Esq. (via facsimile – (888) 522-1692)
          Daniel A. Edelman, Esq. (via facsimile – (312) 419-0379)

---

[3] JPMorgan Chase responded to the Pascals' discovery requests on May 13, 2010, in accordance with this Court's Order,