LAW OFFICES OF
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
312-739-4200
FAX 312-419-0379
WEBSITE: www.edcombs.com
EMAIL: info@edcombs.com

**MEMO ENDORSED**

August 31, 2010

**VIA FACSIMILE**
The Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York, 10601-4150
(914) 390-4278 (FAX)

Re: **Harry and Nancy Pascal v. JP Morgan Chase Bank, National Association**
Case No: 09-10082 (CS)
ECL&G File No.: 23731

Dear Judge Seibel,

This firm represents Plaintiffs in the above-referenced lawsuit. We are writing to request that the Court compel Defendant to produce Rita Volpe, pursuant to the Notice of Deposition which was served on Defendant on August 24, 2010 and noticed for September 1, 2010 and to which Defendant has failed to provide alternative available dates.

On March 9, 2010, this Court entered a discovery schedule requiring that all depositions be completed by August 1, 2010.

On July 2, 2010, Plaintiff issued a notice of deposition identifying four employees or representatives of Defendant which Defendant identified in its Fed.R.Civ.P. 26(a)(1)[1] as well as four Fed.R.Civ.P. 30(b)(6) categories of information, including:

> (1) Person(s) most knowledgeable with respect to the drafting, approval and sending of Exhibit A to the Complaint sent to plaintiffs.

---

[1] Defendant subsequently amended its initial disclosure to exclude these individuals and Plaintiff agreed to only take their depositions if it appeared necessary subsequent to the Fed.R.Civ.P. 30(b)(6) depositions.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

---

**Handwritten memo endorsement (Judge Seibel):**

In the future, letters of this length should not be faxed without permission of Chambers. In light of Mr. Mulvaney's representation in his 9/1 letter, no action by the Court seems necessary, but Ms. Volpe _must_ be produced by 9/10. (Frankly, I find it hard to believe that with a client like Chase, no alternative client contact is available during the vacation of the main client contact, but in any event I will hold Defendant to its representation that Ms. Volpe will be made available before 9/10. So Ordered. Cathy Seibel USDJ 9/2/10

(2) Person(s) most knowledgeable about the underlying account which was the subject of Exhibit A to the Compliant.

(3) Person(s) most knowledgeable about Defendants bona fide error defense, including, without limitation, Defendant's policies, procedures and practices relating to compliance with the FDCPA.

(4) Person(s) most knowledgeable as to the records relating to plaintiff's account.

The depositions were noticed for July 20, 2010. The notice specifically stated that "Should any of the above named or described individuals be unable to attend the deposition at the date and times indicated, please notify our offices immediately. However, these dates shall remain firm unless and until alternative dates are provided and confirmed by both parties."

On or about July 16, 2010, defense counsel contacted Plaintiff's counsel indicating that they would be unable to produce their Fed.R.Civ.P. 30(b)(6) witness by July 20, 2010, however, defense counsel did not provide any alternate dates. (Exhibit A). Because the Defendant was unable to produce a responsive witness before the August 1, 2010 deadline for depositions, the parties filed a joint letter requesting a short extension. (Exhibit B). This Court granted the extension until September 10, 2010, indicating that "the parties should not count on any further extension."

Despite Plaintiff's counsel's numerous attempts to contact and schedule the depositions (See Exhibit C), Defendant did not produce its Fed.R.Civ.P. 30(b)(6) deposition until August 24, 2010. Defendant identified Vera Matic-Maeder, Defendant's Assistant Vice President, Business Ops Lead, as responsive to all of Plaintiff's Fed.R.Civ.P. 30(b)(6) categories.

On August 24, 2010, Plaintiff's counsel conducted the deposition of Ms. Matic-Maeder. Ms. Matic-Maeder was unable to testify as to how or why certain information was entered into the investor screen and could not testify as to the decision made to put certain information into the computer system which was eventually included in the letter to Plaintiff. This information is directly relevant to Defendant's bona fide error defense and Defendant's policies, procedures and practices relating to compliance with the FDCPA. Ms. Matic-Maeder testified that Rita Volpe would be able to better respond to Plaintiff's inquiries.

That same day, Plaintiff's counsel contacted defense counsel to arrange for Ms. Volpe's deposition, requesting available dates for Ms. Volpe's deposition from Defendant. (Exhibit D). Defendant did not provide any available dates in response to Plaintiff's counsel's inquiry. Without a response from Defendant, Plaintiff's counsel issued a notice of deposition for

2

Ms. Volpe setting the date for September 1, 2010[2]. (Exhibit E) Based on Ms. Matic-Maeder's testimony, Ms. Volpe is located in Columbus, Ohio, therefore, Plaintiff's counsel offered to conduct the deposition by phone. The notice again requested that defense counsel contact plaintiff's counsel immediately if the witness was not available on the date or time listed on the notice. Defendant did not respond upon receipt of the notice.

Two days before the deposition of Rita Volpe, Ryan Mulvaney, counsel for Defendant, contacted the office of Edelman, Combs, Latturner & Goodwin, LLC, and spoke to Cassandra P. Miller, one of the associates assisting in the present litigation to indicate that Defendant was not going to be able to produce Rita Volpe by September 1, 2010. Ms. Miller informed Mr. Mulvaney that, pursuant to the instructions on the notice, and because of the upcoming deadline to take depositions, that Plaintiff could not agree to reschedule Ms. Volpe'e deposition until Defendant provided an alternate date which must be conducted before the September 10, 2010 deadline. Plaintiff's counsel requested that Defendant provide an alternate date before the September 1, 2010 scheduled deposition.

On August 31, 2010, defense counsel notified plaintiff's counsel by way of email, that Defendant would not be producing Ms. Volpe on September 1, 2010 and again failed to provide an alternate date. (Exhibit F)

Because of the impending deadline to take deposition, and in accord with this Court's instruction that the parties should not expect any further extensions on discovery, Plaintiff requests that the Court compel Defendant to produce Ms. Volpe if not by September 1, 2010, then before the September 10, 2010 deadline.

Respectfully submitted,

Daniel A. Edelman

CC: Ryan P. Mulvaney, Lewis Goldfarb, Abraham Kleinman (via e-mail)

---

[2] In the deposition of Ms. Matic-Maeder Plaintiff's counsel understood to her as identifying a "Rita Novak," which was the name included on the notice of deposition. Plaintiff's counsel later learned that the witnesses name was actually "Rita Volpe."