IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
HARRY B. PASCAL and NANCY R. PASCAL,   :
individually and on behalf of a class,                  :
                                                                         :
                    Plaintiffs,                              :        09 CIV 10082 CS
                                                                         :
JP MORGAN CHASE BANK, NATIONAL       :
ASSOCIATION,                                              :
                                                                         :
                    Defendant.                             :
---------------------------------------------------------------------x

## PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

　　　　　Plaintiffs Harry B. Pascal and Nancy R. Pascal hereby respond as follows to Defendant JPMorgan Chase Bank, National Association's ("JPMorgan") Memorandum in Opposition to Motion by Plaintiffs for Class Certification.

### INTRODUCTION

　　　　　On or about January 2, 2009 defendant JP Morgan sent a collection letter Harry B. Pascal and Nancy R. Pascal demanding payment of a debt. The debt for which payment was sought arose from a transaction, the subject of which was primarily for personal, family or household purposes and is therefore subject to 15 U.S.C. § 1692 et seq., the Fair Debt Collection Practices Act ("FDCPA").

　　　　　Pursuant to 15 U.S.C. § 1692g(a), Defendant is required to provide "the name of the creditor to whom the debt is owed" in the initial communication or within five days afterwards. Plaintiffs contend, contrary to JP Morgan's debt collection letter, that "Wmmsc M/s" is not the name of the creditor to whom the debt is owed. Moreover, "Wmmsc M/s" does not meaningfully disclose the identity of any

1

entity to whom the debt could possibly be owed. The fact is that "Wmmsc M/s" is not Plaintiff's creditor and JPMorgan knows it. Defendant's intentionally misleading failure to identify the creditor in its debt collection letter constitutes a violation of 15 U.S.C. § 1692g(a). This, and nothing else, forms the basis of the Plaintiffs' lawsuit.

## ARGUMENT

### A. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED ELEMENTS OF CLASS

In determining whether class certification is appropriate, a district court must first ascertain whether the claims meet the preconditions of Rule 23(a) of numerosity, commonality, typicality, and adequacy. It may then consider granting class certification where it "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Teamsters Local 445 Freight Div. v. Bombardier*, 546 F. 3d 196 (2nd Circuit 2008). Defendant argues the absence of commonality and typicality.

Commonality.

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law *or* fact. Defendant argues that the proposed class fails to meet the commonality requirement, specifically, because the class definition precludes a finding of commonality because each putative class member's perception of the truth or falsity of the disclosure must be taken into account. This is not correct.

The issue here is whether Defendant identified the creditor in its collection letter or not. Clearly, it did not. Whether the Defendant violated § 1692g is not a matter dependent upon the perception of a given consumer. Failure to identify the creditor is a violation, period. Even if the Defendant's violation

were conditioned upon misleading the consumer, Defendant's contention that the violation depends upon each class member's perception of the truth or falsity of the disclosure matters not. In such cases, whether the debt collector's communication constitutes a violation of the FDCPA is based upon the "least sophisticated consumer" standard, and not upon the perceptions of the individual consumer. The most widely accepted test for determining whether a collection letter violates § 1692e is an objective standard based on the "least sophisticated consumer." This standard has been widely adopted by district courts in this circuit. *Cloman v. Jackson*, 988 F. 2d 1314 (2nd Cir. 1993). The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. Id. In this case, the "common question of law *or* fact" is whether Defendant violated the FDCPA by sending a document in the form represented by Exhibit A to consumers. This gives rise to the common legal question of whether it is illegal to do this. *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).

Typicality.

Plaintiff's reiterate their earlier argument. The rule requires that the claims of the named plaintiff be typical of the claims of the class. Rule 23(a)(3) is satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993), citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). "When the same 'unlawful conduct was directed at both the named Plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patters which underlie individual claims.'" *Savino v. Computer Credit, Inc.*, 173 F.R.D. 346, 352-53 (E.D.N.Y. 1997), quoting I Newberg on Class

Actions §3.13; *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451, 456-457 (E.D.N.Y. 1996).

In the instant case, typicality is inherent in the class definitions. By definition, each of the class members has been subject to the same treatment as Mr. and Mrs. Pascal. Mr. and Mrs. Pascal's claims and the claims of the class members all turn on the legality of the sending of the document in the form represented by Exhibit A to consumers.

Defendant makes no cogent argument here. Instead, Defendant once again misapplies the FDCPA's least sophisticated consumer standard in claiming that violations are conditioned upon the individual consumers' interpretation or understanding. That is simply not the case.

When determining whether § 1692g has been violated, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector, is applied. See *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993) (adopting test for § 1692e); see also *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993). The Act is aimed at protecting consumers in general from abusive debt collection practices and the test is how the least sophisticated consumer —one not having the astuteness of a "Philadelphia lawyer" or even the sophistication of the average, everyday, common consumer —understands the notice he or she receives. This least-sophisticated-consumer standard best effectuates the Act's purpose of limiting the "suffering and anguish" often inflicted by independent debt collectors. Legis.History at 1696. We apply this test when considering claims made pursuant to § 1692g. *Russell v. Equifax ARS*, 74 F. 3d 30 (2nd Cir. 1996).

Defendant's argument against typicality and further, that Plaintiff has failed to demonstrate that common questions predominate are based upon a flawed understanding of the FDCPA and are without merit.

## B. THE PUTATIVE CLASS IS ADEQUATELY REPRESENTED

The named plaintiff must provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 78 F.3d 764, 778 (2d Cir. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); accord, *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321.

Class Counsel.

Mr. Kleinman's qualifications to act a class counsel are well established. Courts in this District have thoroughly evaluated Mr. Kleinman's qualifications on prior occasions and found him qualified to act as class counsel. For example, he was appointed sole class counsel in the matter of *John Duffy III v. Oliphant Financial, LLC*, U.S. District Court, E.D.N.Y. Case No. 2:07-cv-03657-DRH-AKT, and was recently approved as co-class counsel in the matter of *Zirogiannis v. Professional Recovery Consultants, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:11-cv-00887-LDW-ETB. Additionally, before this Court, Mr. Kleinman was class counsel in *Shaked v. General Electric Company*, U.S. District Court, S.D.N.Y. Case No. 7:08-cv-10295-CS.

Defendant's mischaracterizations are baseless and nothing short of scandalous. Whatever discussions may have taken place regarding modification of Plaintiffs' loan have no bearing on whether

Defendant has violated the FDCPA. Moreover, any settlement negotiations which may have taken place were done so at the direction of the prior District Court Judge. It should also be noted that Defendant's attempts to use informal settlement negotiations to gain leverage in the litigation runs afoul of Rule 408 of the Federal Rules of Evidence and adversely affects both parties to this action.

Parties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of "impeachment evidence," by some future third party. Parties must be able to abandon their adversarial tendencies to some degree. **They must be able to make hypothetical concessions, offer creative quid pro quos, and generally make statements that would otherwise belie their litigation efforts.** Without a privilege, parties would more often forego negotiations for the relative formality of trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost. *Goodyear Tire & Rubber v. Chiles Power Supply*, 332 F. 3d 976 (6th Cir. 2003).

Here, Defendant, after making hypothetical concessions, and offering creative quid pro quos, just as described above, now seek to convince the Court that some impropriety has occurred. There are simply no facts before this court which could lead to any conclusion other than Mr. Kleinman is a qualified class representative.

Class Representatives.

Defendant's personal attack on Plaintiffs is unfounded as well. Defendant goes to the extreme in attempting to school this Court on what constitutes an adequate class representative, only to admit later that Plaintiffs understand and appreciate their responsibilities as class representative. Defendant's repeated attempts to equate Plaintiff's application for loan modification with Defendant's FDCPA

violation once again misrepresents the facts. If anything, it was the Defendant who dangled the carrot of loan modification in front of the Plaintiffs in an attempt to get them to abandon this action. A tactic which was clearly unsuccessful, as evidenced by the fact that Plaintiffs have refused to abandon the class and "bail out" of this action.

## CONCLUSION

Mr. and Mrs. Pascal understand the obligations of a class representative, and have retained experienced counsel. The interests of the named plaintiffs are coincident with the general interests of the class - both Mr. and Mrs. Pascal and the class members seek money damages as the result of Defendant's unlawful collection practices. Given the identity of claims between Mr. and Mrs. Pascal and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of Mr. and Mrs. Pascal and those of the class. Plaintiff's motion for class certification should be granted.

Dated: August 6, 2012

        Respectfully submitted,

        <u>/s/ Abraham Kleinman</u>
        Abraham Kleinman (AK-6300)
        KLEINMAN LLC
        626 RXR Plaza
        Uniondale, New York 11556-0626
        Telephone (516) 522-2621
        Facsimile   (888) 522-1692

**CERTIFICATE OF SERVICE**

I, Abraham Kleinman , hereby certify that on August 6, 2012, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system and notification of such filing was sent to the following parties:

Ryan P. Mulvaney
McElroy, Deutsch, Mulvaney & Carpenter LLP
Three Gateway Center
100 Mulberry Street, 17th Floor
Newark, NJ 07102

Lewis H. Goldfarb
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962

By: */s/ Abraham Kleinman*
ABRAHAM KLEINMAN